# Richmond.

## SEAY v. SCHUE'S ADMINISTRATOR.

### NOVEMBER 10th, 1887. ·

PERSONAL REPRESENTATIVES—*Administrator de son tort—Case at bar.*—
To the interrogatories in a bill filed to charge defendant as admin-
istrator *de son tort* the answers of the defendant denied his posses-
sion of any effects belonging to the estate, and the evidence sustained
these answers, but an order was made directing the sheriff to take pos-
session of the effects.

HELD:
        Such order was error.

Appeal from decree of circuit court of Fluvanna county,
rendered sixteenth April, 1884, in a suit wherein William
A. Noel, as administrator of Eliza Schue, deceased (suing
for himself and others), against George P. Seay, as admin-
istrator *de son tort* of said Eliza Schue, deceased, and in
his own right and Bettie L., his wife. Opinion states the
case.

*Pettit & Leake*, for appellants.

*A. A. Gray & T. S. Martin*, for appellees.

RICHARDSON, J., delivered the opinion of the court.

The bill presents the following case : That the plaintiff's
intestate died at the house of the defendant Seay, in the
said county, on the first of August, 1883, where she had

resided for several months prior to her death; that when she went to the defendant's house she owned and possessed, and took with her, personal effects of considerable value, consisting, among other things, of a certificate of deposit in her favor on the banking house of Riggs & Co., of Washington, D. C., for about $2,500, about seven or eight hundred dollars in money, a quantity of silver plate, table linen, jewelry, etc.; that she had positively refused to make any disposition of her property in her life-time, and died intestate; that sometime prior to her death she endorsed the above-mentioned certificate of deposit, saying "you all can collect it," but that she did not deliver it, but returned it to her own papers, where it remained until her death. That immediately upon her death, the defendant, Seay, possessed himself of all her aforesaid effects, collected the certificate of deposit, and assumed full control over the whole estate; that he assumed to administer and dispose of the estate, paying funeral expenses and other debts, dividing a part of the ready money among certain of the kindred of the deceased, but kept "the lion's share" for himself.

That the said Seay has thus rendered himself liable, as an executor *de son tort,* to the plaintiff as the rightful administrator, and ought to be held to account as such, etc. The prayer of the bill accordingly is, that said Seay and his wife, Bettie L., and B. A. Sowell, the defendant, be required to answer this bill, but to answer under oath the following interrogations:

"1st. If he, the said George Seay, has disposed of any moneys or other effects that came into his possession or under his management and control from the estate of Mrs. Eliza Schue, deceased, in any manner whatsoever, in what manner, to what amount, and to what person, and have the same been so disposed of; or, if moneys, with whom and where have the same been deposited?

" 2d. If any of said moneys or effects have been invested, where is the property or estate in which the same have been invested to be found?"

The bill also prays that all proper accounts be taken; that the defendant be enjoined from further intermeddling with the estate or the moneys and other effects belonging thereto; that a receiver be appointed to take charge of the estate for the time being, and for general relief.

The bill was sworn to on the twentieth of February, 1884, and on the twenty-second of the same month the judge of the circuit court, in vacation, made the following order:

"An injunction is awarded the plaintiffs, enjoining and restraining the defendants, their agents, &c., as prayed in the bill  *  *  *; and it being alleged in the bill that the said defendants are improperly in possession of parts of said estate, they are hereby ordered to deliver over to William A. Noel, the rightful administrator of Eliza Schue, deceased, any and all of such effects as may have come into their possession or control as aforesaid, and to file among the papers in this cause on or before the first day of April next a list, under oath, of said effects, with their respective amounts or values. For reasons satisfactory to this court, no bond is required of the plaintiffs before they are entitled to this order."

Nothing appears to have been done under this order; and at the April rules following the defendants demurred to the bill, and also answered the same.

The answers deny the material allegations of the bill, so far as any liability is sought to be imposed upon the respondents, and aver affirmatively that the certificate of deposit mentioned in the bill was endorsed by the plaintiff intestate in her life-time and given by her to the defendant, Bettie L. Seay, and that she divided the residue of her effects, or directed that they be divided, among

certain persons, and in the manner set forth in the answers. And in answer to the interrogatories propounded in the bill, the answer of the defendant, George P. Seay, avers " that no moneys or effects have come into his possession or under his control from the estate of Mrs. Eliza Schue, deceased, and that he has not, therefore, disposed of any such moneys or effects in any manner whatsoever," and " that no such moneys or effects have been invested by him in any property whatever."

At the rules at which the demurrers and answers were filed, the plaintiffs joined in the demurrers, and on their motion, the cause was set for hearing on the demurrers. The depositions of several witnesses were also taken by them; and afterwards, at the April term, the cause came up on the demurrers, and upon the exceptions taken on the same day by the plaintiffs to the answers, on the ground that they did not fully respond to the interrogatories in the bill, and was argued by counsel; whereupon, the court, being of opinion that the answers were evasive and otherwise insufficient, sustained the exceptions, and ordered the defendants to answer over. And by the same decree the sheriff of the county, " without formal notice to the defendants," was directed to " take possession of the effects in controversy," and the defendants were at the same time ordered to deliver to the sheriff the said effects, so far as within their possession or under their control, or if not in their possession or under their control, to give the sheriff information as to where they might be found. But providing that if the defendants, Seay and wife, desired to retain possession of the said effects, they might do so upon executing bond with security in the penalty of double the amount or value of the money or articles to be retained.

It appears from the record that the defendants objected to the hearing of the motion for the appointment of a

receiver, on the ground that the plaintiffs had refused to set the cause for hearing at rules, and, consequently, the defendants were taken by surprise. But the objection was overruled, and the decree above mentioned entered. And thereupon the defendants obtained an appeal.

The order and decree complained of are plainly wrong, and must be reversed and annulled. There is nothing in the record that justifies either of them. The answers emphatically deny the material allegations of the bill, so far as the defendants are sought to be held liable; and even if the objection that they are evasive and insufficient be well founded, the decree last mentioned is not warranted by the evidence of the plaintiffs themselves. Indeed, their own evidence tends to sustain the affirmative averments of the answers of the defendants. It is not necessary, however, to comment upon the evidence, as the decrees complained of must be reversed, and the cause remanded for further proceedings, when either party will have the opportunity to take further testimony, if they shall be so advised. The condition of the record renders it also unnecessary to enter into any discussion as to when, or under what circumstances, a receiver will be appointed. It is sufficient to say that the plaintiffs themselves have shown that they are not entitled to the appointment of a receiver in the present case.

As, therefore, the case is not now in a situation for a final hearing and decree, we will simply reverse the decrees appealed from, and remand the cause for such further proceedings to be had therein as may be necessary in order to a final decree.

DECREE REVERSED.